1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                                DISTRICT OF NEVADA

9                                       * * *

THOMAS G. VAIL,                                  Case No. 2:12-cv-01148-MMD-CWH
10
                                Plaintiff,                         ORDER
11        v.
                                                 (Supplemental Briefing regarding Motion to
12   CORTEZ-MASTO, et al.,                           Dismiss – dkt. no. 5)

13                             Defendants.

14

15        In their Motion to Dismiss, Defendants argue that Plaintiff's claims are barred

16   under the "favorable termination" doctrine articulated in *Heck v. Humphrey*, 512 U.S. 477

17   (1994).   The doctrine holds that if a prisoner seeks to challenge the validity of a

18   conviction or sentence, the prisoner must first demonstrate that the conviction or

19   sentence has been successfully overturned. *See Heck v. Humphrey*, 512 U.S. 477, 483-

20   87 (1994). In his Opposition, Plaintiff does not respond to Defendants' argument on this

21   point.

22        The Court requests supplemental briefing on this issue.   Specifically, the Court

23   requests that the parties provide a briefing of no more than five (5) pages responding to

24   the following:

25        (1)    What is Plaintiff Vail's current inmate status?

26        (2)    Did Plaintiff challenge his conviction under the applicable habeas corpus

27               statute, 28 U.S.C. § 2254?  If so, what is the current status of the habeas

28               proceeding?

(3)     Is Plaintiff *Heck*-barred from bringing his claims against the government officials in this case?  In addressing this point, the parties must address:

    a.      Is *Heck* applicable to this case?  Would the claims raised here necessarily imply the invalidity of Plaintiff's prior convictions or sentences which form the basis for Plaintiff's allegations in this case?

    b.      How, if at all, Plaintiff's inmate status and the status of any habeas proceedings he has initiated relates to the Court's *Heck* analysis.

    c.      Related to point (b), whether the principles articulated in Justice Souter's *Spencer v. Kemna*, 523 U.S. 1, 18 (1998) concurrence and its 9th Circuit progeny provide Plaintiff with a basis to bring this lawsuit.

Defendants must file their supplemental brief by Monday, February 4, 2013. Plaintiff must respond by Friday, February 8, 2013.  The briefs must conform to the formatting requirements of LR 10-1.

DATED THIS 25th day of January 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE