UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THOMAS G. VAIL, | Case No. 2:12-cv-01148-MMD-CWH |
| Plaintiff, | ORDER |
| v. | (Motions to Dismiss – dkt. nos. 4, 5, 20) |
| CORTEZ-MASTO, et al., | |
| Defendants. | |

**I.    SUMMARY**

Before the Court are the Insurance Defendants' Motion to Dismiss (dkt. no. 4), Defendants Ross Miller, Catherine Cortez Masto, and John Arana's Motion to Dismiss (dkt. no. 5), and Defendant Conrad Hafen's Motion to Dismiss (dkt. no. 20).

**II.    BACKGROUND**

This case involves a lawsuit against various individuals and state agencies for civil conspiracy, violation of due process, and intentional infliction of emotional distress.

Plaintiff Thomas Vail once ran an insurance brokerage firm in Henderson called Anthem Financial Group. He offered certificates of deposit and other investment instruments for sale. In the course of his business, Vail offered his clients certificates of deposit which were not insured by the Federal Deposit Insurance Commission ("FDIC"). Such offerings are illegal, and Vail was arrested as a result.

Vail and his attorney entered into a plea agreement with then-Chief Deputy Attorney General Conrad Hafen. But after his sentencing, Plaintiff was again arrested for similar behavior.

Plaintiff alleges that his arrests and convictions occurred because of Defendants' false allegations and coercive interview tactics used on alleged victims. The Complaint alleges that Defendants intentionally conspired to have Plaintiff wrongfully convicted and to cause him to lose his insurance license. Plaintiff filed this 28 U.S.C. § 1983 action against Defendants, alleging civil conspiracy, violation of due process and intentional infliction of emotional distress ("IIED").

**III.   MOTION TO DISMISS LEGAL STANDARD**

On a 12(b)(6) motion, the court must determine "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 (9th Cir.2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

When determining the sufficiency of a claim, "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party[; however, this tenet does not apply to] . . . legal conclusions . . . cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation and internal quotation marks omitted). "Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Id.* (citation and internal quotation marks omitted); *see also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").

**IV.   MILLER, MASTO, AND ARANA'S MOTION TO DISMISS (DKT. NO. 5)**

   **A.   *Heck v. Humphrey***

Defendants assert that Plaintiff's claims are barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). Defendants argue that in essence, Plaintiff alleges that the procedures leading up to his conviction for securities fraud constitute civil conspiracy. Defendants

further argue that because Plaintiff's conviction has not been set aside, reversed, or otherwise invalidated, the Court must dismiss Plaintiff's Complaint under *Heck*.

"The holding in *Heck* applies . . . where 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence.'" *Weilburg v. Shapiro*, 488 F.3d 1202, 1206 (9th Cir. 2007) (citing *Heck*, 512 U.S. at 487).[1] The Court agrees with Defendants that a judgment in Plaintiff's favor on the claims asserted against them for civil conspiracy, violation of his due process, and IIED would necessarily imply the invalidity of his sentence. Plaintiff's central claim is that Defendants conspired to wrongfully convict him, cause him severe emotional distress, and deprive him of due process under the United States Constitution. If Defendants prosecuted Plaintiff for these reasons rather than legitimate reasons, Plaintiff's sentence could not have been valid. *Cf. Hall v. Dir. of Corr.*, 343 F.3d 976, 981 (9th Cir. 2003) ("[I]t is established that a conviction obtained through use of false evidence, known to be such by representatives of the State, must fall under the Fourteenth Amendment.").

The Court next turns to whether the *Heck* doctrine applies in this case – where a plaintiff is no longer in custody. On October 23, 2009, a judgment of conviction was entered, reflecting that Plaintiff pled guilty to one felony count of fraudulent sale of securities to a person over 60 years old. He was sentenced to 12 to 30 months, suspended, and placed on 3 years' probation.[2] However, Plaintiff was honorably discharged from probation on August 11, 2011, because his probation was handled improperly. (Dkt. no. 20-1.) Plaintiff did not challenge his conviction during probation.

"The writ of habeas corpus is not now and never has been a static, narrow, formalistic remedy; its scope has grown to achieve its grand purpose – the protection of

---

[1] The holding does not apply in cases where the plaintiff can demonstrate that the conviction or sentence has been invalidated. *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2003).

[2] The parties do not inform the Court what day Plaintiff was sentenced to 3 years' probation. On review, it appears as if Plaintiff was sentenced on November 9, 2009. (Dkt. no. 32-1 at 5.)

individuals against erosion of their right to be free from wrongful restraints upon their liberty." *Jones v. Cunningham*, 371 U.S. 236, 243 (1963). "While . . . parole releases" a prisoner "from immediate physical imprisonment, it imposes conditions which significantly confine and restrain his freedom . . . ." *Id.* Because of this, "a prisoner who ha[s] been placed on parole [is] still 'in custody' under his unexpired sentence." *Maleng v. Cook*, 490 U.S. 488, 491 (1989) (citing *Jones*, 371 U.S. at 242-43). Likewise, a plaintiff on probation, like Vail, is "in custody" for the purposes of *Heck*. *Nuno v. Cnty. of San Bernardino*, 58 F. Supp. 2d 1127, 1132, n.4 (C.D. Cal. 1999) (citing *Arketa v. Wilson*, 373 F.2d 582, 583 (9th Cir. 1967) (state probationer is "in custody" for habeas purposes); *United States v. Span*, 75 F.3d 1383, 1386 n. 5 (9th Cir. 1996) (probation establishes custody for purposes of 28 U.S.C. § 2255)).

Further, a plaintiff's failure to timely pursue habeas remedies does not remove his claims from *Heck's* purview.[3] *Cunningham v. Gates*, 312 F.3d 1148, 1154, n.3 (9th Cir. 2002). In *Guerrero v. Gates*, 442 F.3d 697, 705 (9th Cir. 2003), the court held that plaintiff Guerrero's claims were *Heck*-barred. Guerrero brought a § 1983 lawsuit alleging, in relevant part, wrongful arrest, malicious prosecution, and conspiracy. *Id.* at 703. Guerrero did not challenge his convictions before filing his § 1983 lawsuit. *Id.* at 705. The court determined that though habeas relief was "impossible as a matter of law," Guerrero's failure to timely pursue his habeas remedies could not be used as a shield against the implications of *Heck*. *Id.* Likewise, Vail was on probation for over one year and nine months following his sentencing. He had sufficient time to challenge the terms of his conviction under 28 U.S.C. § 2254, but chose not to. Vail's claims against Miller, Masto, and Arana relating to the validity of his conviction are therefore *Heck*-barred, and must be dismissed with prejudice.

///

---

[3] The limited exceptions to *Heck*, *see, e.g. Spencer v. Kemna*, 523 U.S. 1, 18 (1998) (Souter, J., concurring); *Nonnette v. Small*, 316 F.3d 872, 875-76 (9th Cir. 2002), are not applicable here.

Notably, Vail's allegation that Miller, Masto, and Arana conspired to deprive him of his professional license does not challenge the validity of his conviction, and is not *Heck*-barred.[4]

### B.  Statute of Limitations

Plaintiff argues that his IIED claim and his claim that Defendants conspired to deprive him of his professional license are not *Heck* barred, because these claims do not necessarily imply the invalidation of his prior sentence. (Dkt. no. 33.) As stated above, the Court disagrees with Plaintiff regarding his IIED claim, which is ancillary to his civil conspiracy claim.

Even assuming Plaintiff is correct regarding the IIED claim, this claim is barred by the applicable statute of limitations. "The statute of limitations applicable to an action pursuant to 42 U.S.C. § 1983 is the personal injury statute of limitations of the state in which the cause of action arose." *Alameda Books, Inc. v. City of Los Angeles*, 631 F.3d 1031, 1041 (9th Cir. 2011) *cert. denied*, 132 S. Ct. 762 (U.S. 2011) *and cert. denied*, 132 S. Ct. 772 (U.S. 2011). "The applicable statute of limitations for a civil rights action pursuant to 42 U.S.C. § 1983 is the general personal-injury statute of limitations in the state where the alleged events occurred." *Dubois v. Washoe County Jail*, No. 3:12-CV-00415, 2013 WL 100940, at *2 (D. Nev. Jan. 7, 2013) (citing *Wilson v. Garcia*, 471 U.S. 261 (1985)). "In Nevada, the applicable statute of limitations is Nev. Rev. Stat. § 11.190(4)(e), which has a period of limitations of two (2) years." *Dubois*, 2013 WL 100940, at *2 (citing *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989 (per curiam)).

The allegations relating to IIED involve acts that occurred primarily in 2008 and 2009. The Complaint alleges the following facts:

- Arana investigated Plaintiff for securities law violations using coercive and suggestive interviewing techniques. As a result, Plaintiff was arrested on February 19, 2008.

---

[4]Because the Court determines that all constitutional claims against Miller and Masto are *Heck*-barred, the Court does not address Defendants' argument regarding their personal involvement. (*See* dkt. no. 5 at 3.)

5

- Before Plaintiff executed a plea agreement, Arana was pursuing two other investigations involving Plaintiff. Arana interviewed an additional alleged victim on February 2, 2009, and March 13, 2009. Plaintiff alleges that these interviews were conducted in a coercive and suggestive manner, and that Arana delayed submitting the results of the investigation until July 1, 2009, after Plaintiff executed the plea agreement on his first set of charges.

- On April 15, 2010, Mr. Hafen presented two new felony arrest warrants to Plaintiff's probation officer, which allegedly falsely stated that Plaintiff engaged in criminal activity on or after September 23, 2009.

The Complaint was filed on May 29, 2012. None of the operative facts giving rise to the allegations against Arana, Miller, or Masto took place within two years of Plaintiff filing the Complaint.

The claim that Miller, Masto, and Arana conspired to make Vail lose his professional license is not barred by the statute of limitations. Plaintiff cites to NRS § 11.220, the statute of limitations for civil conspiracy, and claims that the applicable statute is four years, not two years. Plaintiff is correct. Defendants argue that Plaintiff "claims that the civil conspiracy was for the unlawful objectives of inflicting severe emotional distress and violating [Plaintiff's] due process rights," and is therefore wrongfully attempting to extend the two-year statute of limitations applicable to those claims to four years by also alleging conspiracy. (Dkt. no. 21 at 5.) However, it is clear that the conspiracy claim is broader than Defendants assert – for example, at paragraph 59, Plaintiff alleges that Defendants "knowingly made false accusations against Plaintiff with the intent of having him wrongfully convicted and having him lose his licensure to sell insurance." (Dkt. no. 1-2 at ¶ 59.) Read as a whole, Plaintiff states a plausible claim that these Defendants not only desired to incarcerate Plaintiff, but also to deprive him of his professional license. (*See id.* at ¶¶ 53, 59.)

### C. Failure to State a Claim for Conspiracy to Deprive Plaintiff of his Professional License

As discussed, this claim is not barred by *Heck* or the applicable statute of limitations. Moreover, Defendants do not provide any other reason for this claim to be dismissed in their briefs. Paragraph 53 of Plaintiff's Complaint clearly alleges that

6

"Defendants engaged in the above referenced conduct in order to improperly deprive Plaintiff of his license to sell insurance, cause him to lose his means to make a living, and cause him severe emotional distress and other harm." (Dkt. no. 1-2 at ¶ 53.) As discussed above in part (IV)(B), the civil conspiracy and due process allegations cannot succeed as it relates to conspiracy to cause Plaintiff emotional distress. However, this claim can move forward regarding Defendants' alleged conspiracy to deprive Plaintiff of his license to sell insurance.

## V.     INSURANCE DEFENDANTS' MOTION TO DISMISS (DKT. NO. 4)

Insurance Defendants argue that the Complaint fails to adequately plead a claim for relief against them. The Court agrees. The Complaint does not meet the requirements of Rule 8(a). In *Iqbal*, the court held that mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. The Complaint here, as it regards the Insurance Defendants, makes several allegations regarding the Insurance Defendants' actions. However, the civil conspiracy claim does not name these Defendants, or explain how these Defendants' actions could lead to a viable conspiracy claim. The allegations concerning these Defendants merely discuss how they informed him his license was being suspended, that Plaintiff disagreed with this decision, that Plaintiff was informed his license was being revoked, and that Plaintiff was denied a hearing on the matter. (Dkt. no. 1-2 at ¶¶ 40-41, 44-48.) These allegations, taken in the light most favorable to Plaintiff, simply do not allege a viable claim for conspiracy.

All claims against the Insurance Defendants are accordingly dismissed without prejudice.

## VI.    HAFEN'S MOTION TO DISMISS (DKT. NO. 20)

Many of Plaintiff's claims against Hafen are *Heck*-barred and/or barred by the applicable statute of limitations, for reasons discussed above regarding Defendants' Miller, Masto, and Arana's Motion to Dismiss. These claims are all dismissed against Hafen with prejudice as they were for Defendants Miller, Masto, and Arana.

7

Hafen was the prosecutor in Vail's case, and oversaw the execution of Vail's plea agreement. Hafen argues that he is absolutely immune from this lawsuit due to his role as prosecutor. Absolute prosecutorial immunity applies to a prosecutor's actions related to his or her role in judicial proceedings. *Van de Kamp v. Goldstein*, 555 U.S. 335, 341-42 (2009). Absolute immunity does not shield prosecutors from actions unrelated to his or her position as an officer of the Court. *Id.* at 342. Hafen does not address why prosecutorial immunity applies to Plaintiff's allegation that Hafen conspired to deprive him of his insurance license. Nor does Hafen explain any other reason that this claim should be dismissed. This claim accordingly remains viable.

## VII.  CONCLUSION

IT IS HEREBY ORDERED that Defendants Miller, Masto, and Arana's Motion to Dismiss (dkt. no. 5) is GRANTED IN PART and DENIED IN PART as follows:

- The Motion is GRANTED as it relates to Plaintiff's due process and intentional infliction of emotional distress claims. These claims are DISMISSED WITH PREJUDICE.

- The Motion is DENIED as it relates to Plaintiff's civil conspiracy claim. This claim may proceed only on the allegation that Defendants Miller, Masto, and Arana conspired to deprive Plaintiff of his professional license. For reasons explained herein, the claim may not proceed on any other theories expressed in the Complaint.

IT IS FURTHER ORDERED that the Insurance Defendants' Motion to Dismiss (dkt. no. 4) is GRANTED. All claims against these Defendants are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Defendant Hafen's to Dismiss (dkt. no. 20) is GRANTED IN PART and DENIED IN PART as follows:

- The Motion is GRANTED as it relates to Plaintiff's due process and intentional infliction of emotional distress claims. These claims are DISMISSED WITH PREJUDICE.

///

///

///

///

- The Motion is DENIED as it relates to Plaintiff's civil conspiracy claim.  This claim may proceed only on the allegation that Defendant Hafen conspired to deprive Plaintiff of his professional license.  For reasons explained herein, the claim may not proceed on any other theories expressed in the Complaint.

DATED this 15th day of February 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE