1
2
3
4                    UNITED STATES DISTRICT COURT
5                         DISTRICT OF NEVADA
6                                * * *
7   THOMAS G. VAIL,                          Case No. 2:12-cv-01148-RFB-CWH
8                  Plaintiff,
9           v.                                        **ORDER**
10  STATE OF NEVADA ex rel. CATHERINE
    CORTEZ MASTO, *et al.*,
11
12                 Defendants.
13

14      **I.      INTRODUCTION**

15          This case involves allegations against various state officials arising out of an alleged

16  conspiracy to prosecute Plaintiff Thomas Vail and cause him to lose his insurance broker's

17  license. After two orders from the Court at the motion to dismiss stage, the only remaining

18  Defendant in this case is John Arana.[1] Currently pending before the Court is Arana's Motion for

19  Summary Judgment, filed on January 30, 2014. ECF No. 63. For the reasons discussed below,

20  Arana's motion is granted.

21

22      **II.     BACKGROUND**

23              **A.  Effect of Vail's Failure to Respond**

24          The Court notes that Vail did not file a response to Arana's Motion for Summary

25  _____

26      [1] Arana notes in his motion that Defendant Conrad Hafen has not been terminated as a
    party to this case on the ECF docket sheet, despite the fact that there are no longer any claims
27  pending against him. After reviewing the record, the Court concludes that Hafen should have
    been terminated as a party following the Court's order on April 30, 2013 dismissing all claims
28  against him. The Court will therefore instruct the Clerk of Court to terminate Hafen on the
    docket sheet.

Judgment. In his reply brief, Arana requests that the Court grant summary judgment in his favor based on this failure to respond. Arana cites Local Rule of Practice 7-2(d), which states that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." However, a party's mere failure to respond is not grounds for granting a motion for summary judgment. "[A] nonmoving party's failure to comply with local rules does not excuse the moving party's affirmative duty under Rule 56 to demonstrate its entitlement to judgment as a matter of law. Fed. R. Civ. P. 56. Short of that, we turn the summary judgment rule into a mere sanction for noncompliance with local rules." Martinez v. Stanford, 323 F.3d 1178, 1182 (9th Cir. 2003); see also Henry v. Gill Indus., Inc., 983 F.2d 943, 950 (9th Cir. 1993).

However, an opposing party's failure to respond *does* permit the Court to consider the moving party's assertions of fact as undisputed for purposes of the motion, and to "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2)-(3); see also Heineman v. Satterberg, 731 F.3d 914, 916-17 (9th Cir. 2013) (discussing the consequences of failing to respond to facts presented in a motion for summary judgment). Therefore, the Court will treat the facts as presented (with supporting evidence) by Arana as undisputed for purposes of this motion.

### B.  Undisputed Facts

The Court finds the following facts to be undisputed. Plaintiff Thomas Vail was licensed by the Nevada Division of Insurance as a resident producer. Compl. & App. for Order to Show Cause at 1, Mot. Summ. J. Ex. 2, ECF No. 63-2 ("Insurance Compl."). In 2007 and 2008, Vail was operating a business called Anthem Financial Group. Aff. of John Arana ¶ 6, Mot. Summ. J. Ex. 3 ("Arana Aff."). In late 2007 and early 2008, the Nevada Secretary of State initiated an investigation into Vail and his company's sale of certificates of deposit that were neither FDIC-insured nor registered as securities. Id. Arana was an investigator with the Secretary of State's Office at the time and was assigned to the investigation. Id. ¶¶ 4, 6. During his investigation,

1   Arana interviewed Ms. Jane Kodama and other witnesses, including Vail himself. Id. ¶¶ 7, 9.

2   Arana also obtained a letter from the FDIC stating that the certificate agreements in question

3   were not FDIC-insured. Id. ¶ 10. As a result of the investigation, Vail was arrested on February

4   19, 2008.

5           On April 20, 2009, Vail pled guilty to one felony count of fraudulent sale of securities to

6   a person over the age of sixty, a Category B Felony. Guilty Plea Agreement, Mot. Summ. J. Ex.

7   4. Vail was subsequently convicted of that count and sentenced to 12 to 30 months of

8   imprisonment, but his sentence was suspended and he was placed on three years' probation.

9   Judgment of Conviction, Mot. Summ. J. Ex. 5. Vail's conviction has not been overturned, set

10  aside, invalidated, or otherwise called into question. Pl.'s Resp. to Requests for Admission No. 2,

11  Mot. Summ. J. Ex. 6.[2]

12          On October 8, 2009, the Nevada Division of Insurance issued a Complaint and

13  Application for Order to Show Cause why Vail's resident producer license should not be revoked

14  pursuant to N.R.S. 683A.451(6) due to his felony conviction. Insurance Compl. at 3. The show

15  cause hearing was held on December 22, 2009, and the Nevada Commissioner of Insurance

16  issued an order on January 21, 2010 adopting the recommendations of the hearing officer and

17  ordering that Vail's insurance license be immediately suspended. Order of Comm'r, Mot. Summ.

18  J. Ex. 11. Vail then sought a waiver under 18 U.S.C. § 1033 to continue to sell insurance despite

19  his felony conviction. Denial of App. for Waiver, Mot. Summ. J. Ex. 12. Vail's waiver

20  application was denied on June 1, 2010, and his license, which had been suspended since January

21  21, 2010, was revoked effective May 26, 2010. Id.

22          Arana did not discuss his investigation of Vail with the Division of Insurance during that

23  investigation, but he may have, as a matter of standard practice, notified the Division of Vail's

24  guilty plea. Arana Aff. ¶ 12. Until Vail brought this lawsuit, Arana was not aware that the

25  Division of Insurance had instituted any proceedings against Vail to suspend or revoke his

26  license. Id. ¶ 14. Finally, while he admits discussing Vail's investigation with Defendant Hafen

27

28          [2] Vail did not respond to this request after he was served with it on November 26, 2013.
    Aff. of Kevin Benson ¶¶ 2-3, Mot. Summ. J. Ex. 7. Therefore, it is deemed admitted. Fed. R.
    Civ. P. 36(a)(3).

1   and with the chief investigator from the Secretary of State's Office, Arana denies having any
2   agreement or understanding with those individuals that the investigation was done in order to
3   wrongfully deprive Vail of his insurance license. Id. ¶ 15.

4

5                        **C.  Procedural History**

6          Vail filed the Complaint in this action in Nevada state court on May 29, 2012. Pet. for
7   Removal Ex. 1, ECF No. 1. In his Complaint, Vail named as defendants Attorney General
8   Catherine Cortez Masto, Chief Deputy Attorney General Conrad Hafen, Secretary of State Ross
9   Miller, Investigator John Arana, Insurance Commissioner Scott Kipper, and Chief Insurance
10  Counsel Amy Parks. Vail alleged that Defendants intentionally conspired to have him
11  wrongfully convicted and to wrongfully cause him to lose his insurance license. The Complaint
12  asserts causes of action for civil conspiracy, violation of due process, and intentional infliction of
13  emotional distress. Defendants filed three separate motions to dismiss.

14         On February 15, 2013, the Court granted in part and denied in part Defendants' motions
15  to dismiss. Order, ECF No. 34. In its Order, the Court found that Vail's claims relating to the
16  validity of his conviction are barred by the doctrine of Heck v. Humphrey, 512 U.S. 477 (1994).
17  Accordingly, the Court dismissed all of Vail's claims except for his claim for civil conspiracy to
18  deprive Vail of his insurance license. The Court also dismissed Defendants Kipper and Parks
19  from the case completely, leaving only Miller, Masto, Arana, and Hafen as Defendants.

20         Each of the remaining Defendants then filed motions for reconsideration of the Court's
21  ruling on March 15, 2013. ECF Nos. 35, 36. The Court held a hearing on the motions on April
22  29, 2013. Minutes of Proceedings, ECF No. 40. At the hearing, counsel for Vail clarified that
23  Vail's remaining claim was a federal conspiracy claim under 42 U.S.C. § 1983 rather than a state
24  law conspiracy claim. Tr. of Hrg. at 4:14-20, ECF No. 62. The Court granted the motions for
25  reconsideration with respect to Miller, Masto, and Hafen and dismissed Vail's remaining civil
26  conspiracy claims alleged against them. Id. at 9:1-20.

27         Following the Court's Order on reconsideration, the only remaining Defendant in this
28  case is John Arana. The only remaining claim against him is Vail's civil conspiracy claim, which

1    is premised on the theory that Arana conspired to wrongfully deprive Vail of his insurance

2    license.

3           On September 30, 2015, the Court granted Arana's Motion for Summary Judgment and

4    stated that a written order would issue. Minute Order in Chambers, ECF No. 67. This Order sets

5    forth the Court's reasoning for its ruling.

6

7        **III.**    **LEGAL STANDARD**

8           Summary judgment is appropriate when the pleadings, depositions, answers to

9    interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no

10   genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

11   law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In ruling

12   on a motion for summary judgment, the court views all facts and draws all inferences in the light

13   most favorable to the nonmoving party. Johnson v. Poway Unified Sch. Dist., 658 F.3d 954, 960

14   (9th Cir. 2011).

15          Where the party seeking summary judgment does not have the ultimate burden of

16   persuasion at trial, it "has both the initial burden of production and the ultimate burden of

17   persuasion on a motion for summary judgment." Nissan Fire & Marine Ins. Co., Ltd. v. Fritz

18   Companies, Inc., 210 F.3d 1099, 1102 (9th Cir. 2000). "In order to carry its [initial] burden of

19   production, the moving party must either produce evidence negating an essential element of the

20   nonmoving party's claim or defense or show that the nonmoving party does not have enough

21   evidence of an essential element to carry its ultimate burden of persuasion at trial." Id. If the

22   movant has carried its initial burden, "the nonmoving party must produce evidence to support its

23   claim or defense." Id. at 1103. In doing so, the nonmoving party "must do more than simply

24   show that there is some metaphysical doubt as to the material facts . . . . Where the record taken

25   as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

26   genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal

27   quotation marks omitted). However, the ultimate burden of persuasion on a motion for summary

28

1    judgment rests with the moving party, who must convince the court that no genuine issue of

2    material fact exists. Nissan Fire, 210 F.3d at 1102.

3

4        **IV.    DISCUSSION**

5        After reviewing Arana's motion and supporting exhibits, the Court concludes that

6    summary judgment must be granted in his favor on the sole remaining claim in this case. Vail's

7    civil conspiracy claim is barred by Heck v. Humphrey. Further, even if it were not Heck-barred,

8    Arana has met his burden of showing that Vail has no evidence of an essential element of his

9    civil conspiracy claim.

10            **A.  *Heck v. Humphrey***

11        In his motion, Arana argues that Vail's civil conspiracy claim is barred by the doctrine of

12   Heck v. Humphrey. In his Complaint, Vail alleges that Arana used coercive or suggestive

13   interviewing tactics, knowingly omitted facts favorable to Vail in his affidavit in support of

14   Vail's arrest warrant, and delayed providing the results of his additional investigation into Vail's

15   alleged conduct until after Vail executed his guilty plea. Compl. ¶¶ 20, 29. Vail alleges that

16   Arana committed these acts "in order to improperly deprive Plaintiff of his licensure to sell

17   insurance, cause him to lose his means to make a living and cause him severe emotional distress

18   and other harm." Id. ¶ 53.

19        In Heck, the U.S. Supreme Court held that "in order to recover damages for allegedly

20   unconstitutional conviction or imprisonment, or for other harm caused by actions whose

21   unlawfulness would render a conviction or sentence invalid, a [42 U.S.C.] § 1983 plaintiff must

22   prove that the conviction or sentence has been reversed on direct appeal, expunged by executive

23   order, declared invalid by a state tribunal authorized to make such determination, or called into

24   question by a federal court's issuance of a writ of habeas corpus . . . ." 512 U.S. 477, 486-87

25   (1994). Therefore, a Section 1983 claim is barred by Heck if "a judgment in favor of the plaintiff

26   would necessarily imply the invalidity of his conviction or sentence" and if the conviction or

27   sentence has not already been invalidated or called into question. Id. at 487. Heck recognizes the

28

1  longstanding principle that valid criminal convictions are not properly subject to collateral attack
2  through civil tort actions. Id. at 486.

3    The Court agrees with Arana that a judgment in favor of Vail would necessarily imply
4  the invalidity of his criminal conviction. A review of the Nevada Division of Insurance's
5  decision to suspend Vail's license shows that this decision was made primarily based on the fact
6  that Vail was convicted of a felony. If Vail were able to prove that this deprivation of his license
7  was improper or wrongful, it would necessarily imply that the underlying conviction was also
8  wrongful. As Vail has not shown that his conviction has been reversed, expunged, invalidated, or
9  otherwise called into question, this claim is therefore barred by Heck.[3]

10

11              **B.  Summary Judgment on the Merits**

12    Arana also argues in his motion that Vail cannot produce any evidence to support his
13  civil conspiracy claim. The Court agrees, and finds that even if this claim were not Heck-barred,
14  summary judgment would be granted in Arana's favor on the merits.

15    "A civil conspiracy is a combination of two or more persons who, by some concerted
16  action, intend to accomplish some unlawful objective for the purpose of harming another which
17  results in damage." Vieux v. East Bay Reg'l Park Dist., 906 F.2d 1330, 1343 (9th Cir. 1990)
18  (citation and internal quotation marks omitted). To establish liability for civil conspiracy, "a
19  plaintiff must demonstrate the existence of an agreement or 'meeting of the minds' to violate
20  constitutional rights. . . Such an agreement need not be overt, and may be inferred on the basis of
21  circumstantial evidence such as the actions of the defendants." Mendocino Envtl. Ctr. v.
22  Mendocino Cnty., 192 F.3d 1283, 1301 (9th Cir. 1999) (citations and internal quotation marks
23  omitted).

24    Here, Vail has presented no evidence that Arana entered into an agreement or "meeting

25  ―――――――――――――――――

26  [3] This is not a reconsideration of the Court's previous ruling in its Order of February 15,
   2013. In that Order, the Court ruled that Vail's civil conspiracy claim relating to the deprivation
27  of his insurance license was not Heck-barred. However, that ruling was made based on the
   Court's understanding that Vail was bringing a state law conspiracy claim, while Heck only
28  applies to claims brought under Section 1983. At the hearing on April 29, 2013, Vail's counsel
   clarified that this claim was, in fact, a federal civil conspiracy claim brought under Section 1983.
   The Court's ruling in this Order reflects this new understanding of Vail's claim.

of the minds" with any other individual or that Arana ever intended to violate Vail's constitutional rights. There is simply no evidence in the record supporting Vail's allegation that Arana conspired or intended to deprive Vail of his insurance license or any other right that may be secured by the Constitution, nor is there any evidence from which a reasonable factfinder could infer that Arana conspired to do so. Arana has therefore met his initial burden under Nissan Fire of showing that Vail does not have enough evidence of an essential element of his civil conspiracy claim to carry his ultimate burden of persuasion at trial. 210 F.3d at 1102. The burden shifts to Vail to produce enough evidence to support his claim. Vail did not respond to the motion for summary judgment, and therefore has failed to do so. Nor can Vail simply rely on the allegations in his Complaint. The mere allegation that a conspiracy existed is not enough to prevail at the summary judgment stage where the defendant has presented evidence to controvert the allegations. Ward v. E.E.O.C., 719 F.2d 311, 314 (9th Cir. 1983) ("Although conspiracy may be inferred from conduct and need not be proved by evidence of an express agreement, [the plaintiff's] failure to point to any facts probative of a conspiracy entitled [the defendant] to summary judgment."); see also Fonda v. Gray, 707 F.2d 435, 438 (9th Cir. 1983) ("The mere fact that a conspiracy is alleged . . . will not defeat an adequately supported motion for summary judgment."). Therefore, summary judgment must be granted in favor of Arana.

## V.     CONCLUSION

For the reasons discussed above,

**IT IS ORDERED** that Defendant John Arana's Motion for Summary Judgment (ECF No. 63) is GRANTED. The Clerk of Court is instructed to enter judgment in favor of Arana and close this case.

DATED: January 6, 2016.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**